# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BONNIE A. ADAMS**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   4:08-cv-0337-JEO |
| | ) |
| **DON DAHLKE**, both in his individual | ) |
| capacity and in his capacity as an employee | ) |
| of St. Clair County; **STANLEY BATEMON**, | ) |
| both in his individual capacity and in his | ) |
| capacity as a Chairman of the **ST. CLAIR** | ) |
| **COUNTY COMMISSION**; the **ST. CLAIR** | ) |
| **COUNTY COMMISSION**; **FICTITIOUS** | ) |
| **PARTIES A, B, C, and D** (i.e., the true | ) |
| and correct names of Dan Dahlke or | ) |
| Stanley Batemon). | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This matter is before the court on the motion filed by defendants Dan Dahlke, Stanley Batemon, and the St. Clair County Commission ("the defendants") to dismiss the complaint filed by Bonnie A. Adams ("the plaintiff") (doc. 2); the defendants' motion to strike the fictitious parties named in the plaintiff's complaint (doc. 2); and the plaintiff's motion to amend his complaint (doc. 9). Upon consideration of the same, the court finds that the motion to dismiss is due to be granted. The other motions are moot.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

The plaintiff filed a "Petition of Appeal from Disciplinary Action - Due Process Hearing

---

[1] In his opposition to the defendants' motion to dismiss, the plaintiff included an affidavit alleging facts additional to those set out in his complaint. For the purposes of the instant motions, the court has only considered the complaint, the amended complaint, and the legal arguments submitted in support of and in opposition to the instant motions.

and Complaint" ("Complaint") in the Circuit Court of St. Clair County, which the defendants removed to this court. (Doc. 1). In it, the plaintiff alleges that he was terminated from his employment as a St. Clair County employee through a letter written by Stanley Batemon. The plaintiff further alleges that the procedures used to terminate him violated his due process rights under Alabama state law, the Alabama Constitution, and the United States Constitution. (Comp. at ¶ 3). The complaint further alleges a state law claim of defamation. (Comp. at ¶¶ 10-14). After the defendants filed their motion to dismiss, the plaintiff filed an amended complaint in which he adds additional parties (The St. Clair County Commission, Paul Manning, Jeff Brown, Jimmy Roberts, Mike Bowling, and Laura D. Lawley) and adds a claim for breach of contract as well as a claim pursuant to 42 U.S.C. § 1983.[2]

## II. MOTION TO DISMISS STANDARD

In assessing the merits of the defendant's motion to dismiss, which was filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court begins with the premise that the complaint generally need not contain anything more than "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). It simply must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, ___U.S.____, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). So long as the factual allegations in the complaint "raise a right to relief above the speculative level," the complaint will withstand a 12(b)(6) challenge. *Twombly*, 127 S. Ct. at 1965. In assessing the motions, the court must also

---

[2] Although the plaintiff's original complaint sounded in a claim pursuant to § 1983, the plaintiff had not specifically pled a claim pursuant to that provision.

assume that all well-pleaded allegations in the complaint are true. *Twombly*, 127 S. Ct. at 1965. Finally, "[a] complaint is subject to dismissal under Rule 12(b)(6) when the allegations - on their face - show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

**A.  Due Process - Generally**

In *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1110 (1995), the court addressed the viability of section 1983 claims premised on the Due Process Clause of the Fourteenth Amendment. The court stated:

> The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process. *Cf. Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100 (1990). A violation of either of these kinds of protection may form the basis for a suit under section 1983. *Id*.
>
> The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937). [ ] The Supreme Court has deemed that most--but not all--of the rights enumerated in the Bill of Rights are fundamental; certain unenumerated rights (for instance, the penumbral right of privacy, s*ee Planned Parenthood v. Casey*, 505 U.S. 833, ----, 112 S. Ct. 2791, 2807, 120 L. Ed. 2d 674 (1992)) also merit protection. It is in this framework that fundamental rights are incorporated against the states. [ ] A finding that a right merits substantive due process protection means that the right is protected "against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Collins v. City of Harker Heights*, 503 U.S. 115, ----, 112 S. Ct. 1061, 1068, 117 L. Ed. 2d 261 (1992) (*quoting Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986)).
>
> Although the Supreme Court has extended substantive due process protection to certain unenumerated rights, it has not extended Fourteenth Amendment coverage to a host of other areas. In fact, the Court has always been

3

>reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended. The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field. *Collins*, 503 U.S. at ----, 112 S. Ct. at 1068 (citation omitted). Hence, remaining largely outside the scope of substantive due process jurisprudence are tort law, *see Daniels*, 474 U.S. at 332, 106 S. Ct. at 665, and public employment law, *see, e.g.*, *Bishop v. Wood*, 426 U.S. 341, 350, 96 S. Ct. 2074, 2080, 48 L. Ed. 2d 684 (1976), and *Board of Regents v. Roth*, 408 U.S. 564, 577-78, 92 S. Ct. 2701, 2709-10, 33 L. Ed. 2d 548 (1972).
>
>   In short, areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S. Ct. 507, 515, 88 L. Ed. 2d 523 (1985) (Powell, J., concurring). As a result, these state law based rights constitutionally may be rescinded so long as the elements of procedural--not substantive--due process are observed.
>
>   Substantive due process rights differ from their procedural counterparts in a second, important fashion: the manner in which a violation of the right occurs. A violation of a substantive due process right, for instance, is complete when it occurs; hence, the availability vel non of an adequate post-deprivation state remedy is irrelevant. Because the right is "fundamental," no amount of process can justify its infringement. By contrast, a procedural due process violation is not complete "unless and until the State fails to provide due process." *Zinermon*, 494 U.S. at 123, 110 S. Ct. at 983. In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise.

*McKinney*, 20 F.3d at 1555-57 (footnotes omitted). In *Skinner v. City of Miami,* 62 F.3d 344, 347 (11th Cir. 1995), *cert. denied*, 520 U.S. 1165 (1997), the court stated, "Tort law is one such area that remains largely outside the scope of substantive due process jurisprudence." In *Flint Electrical Membership Corp. v. Whitworth*, 68 F.3d 1309, 1313 (11th Cir. 1995), *modified on other grounds*, 77 F.3d 1321 (11th Cir. 1996), the court again noted that in *McKinney* "the court held that § 1983 substantive due process claims arising from nonlegislative deprivations of state-

4

created property interests are no longer cognizable in this circuit."

### B. Procedural Due Process

Because the plaintiff does not assert any substantive due process violations, the court need only address procedural due process. The plaintiff asserts that the defendants denied him procedural due process of law. Supporting this claim, the plaintiff asserts:

> 9. On December 13, 2007, . . . Batemon issued a letter to Plaintiff . . . that terminated [his] employment . . .
>
> 10. . . .
>
> 11. The procedures used to notify Mr. Adams that the County intended to terminate him and/or the procedures used to terminate him violated his due process rights under the United States Constitution, and breached the contract of employment that existed between [the plaintiff] and the defendant County under the disciplinary procedures of the Employment Handbook.
>
> 12. Specific examples of the violations of Mr. Adams' rights include, but are not limited to the following:
>
>> a. The Employee Handbook directs management to provide written notice to the accused employee with "specific information about the offense which prompted this action."
>>
>> b. In the instant case, no "specific information" was given to Mr. Adams. Defendant Dan Dahlke filled out a form which only stated Mr. Adams had violated Group II sections 10 (i.e., theft of County property) and 24 (i.e., conflict of interests) of the Handbook. . . .
>>
>> c. Nothing in the form explained with "specific information" . . .
>>
>> d. Without sufficient "specific information," [the plaintiff] could not realistically or properly present a defense to the charges at the "Disciplinary Action - Due Process hearing, which the Handbook asserts provides the employees their due process protection.
>>
>> . . .

j. At the subsequent "Disciplinary Action - Due Process" hearing, [the plaintiff] repeatedly asked for anyone to explain what he was charged with. Each time he was told that his request was inappropriate, and that he had to defend himself against the so-called charges, albeit without any knowledge about the factual bases of the charges (if any such facts actually existed in the first place).

k. The Defendants, however, never explained the . . . charges. In fact, no one presented a case against [the plaintiff] at the hearing. He was expected to defend himself without the benefit of knowing what he was charged with. As a consequence, Mr. Adams was deprived of his due process rights because he could not reasonably be expected to defend himself effectively.

l. No evidence was offered against [the plaintiff] at the hearing . . .

m.   . . . He was not allowed to cross-examine the potential witnesses . . .

n. [The plaintiff] had to defend himself without the benefit of knowing what he was charged with.

o. . . .

p. Furthermore, the matters stated as the basis for Mr. Adams' dismissal . . . were entirely unrelated to the charges contained in the form filled out by the Defendant Dahlke . . . the County found Mr. Adams guilty of matters that he was not charged with.

q. The Employee Handbook gives the Plaintiff/Appellant a right to an appeal "to the Circuit Court of St. Clair County for a de novo hearing." . . . Adams filed his appeal to the circuit Court of St. Clair County, Alabama within the 30 days specified by the Employee Handbook.

. . .

21. At the time of his termination, [the plaintiff] had a property interest in his continued employment with the defendant County because his employment could only be terminated by a process described in detail by the Employee Manual.

>   22.  Consequently, [the plaintiff] had a right under the United States Constitution to due process in his employment.
>
>   23.  The defendants violated his due process rights as described above.
>
>   25.[sic] The actions of the individual defendants were made under color of law.
>
>   26.  Subsequent to his termination, [the plaintiff] pursued the only remedy allowed by the Employee Manual; i.e., appeal to the Circuit Court of the defendant County.
>
>   27.  The individual defendants subjected [the plaintiff] to the deprivation of his rights either maliciously or by acting with a reckless disregard for whether his rights would be violated by their actions.

(Doc. 9 at pp. 6-13).

In *McKinney*, the court noted that "a procedural due process violation is not complete 'unless and until the State fails to provide due process'. . . . In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.*, at 1557 (citation omitted). *Accord*, *Flint Elec. Membership Corp.*, 68 F.3d at 1313. If an adequate state process is available to rectify the deprivation, the purported violation is not actionable under section 1983. *Flint Elec. Membership Corp.*, 68 F.3d at 1313.

The plaintiff could have and still can challenge the defendants' actions in the Circuit Court for St. Clair County.[3] Therefore, this court must conclude as a matter of law that the plaintiff has not alleged a procedural due process violation and that he cannot do so, given the

---

[3]The Court's analysis is not changed by the fact that the plaintiff initially filed his appeal and complaint in the Circuit Court for St. Clair County, only to have the defendants remove it here. While the plaintiff may still pursue the appeal of his termination in the St. Clair County Circuit Court, the plaintiff simply does not have a viable federal due process claim because the state court has provided him with an adequate remedy.

facts he has presented to the court.[4]  Therefore, this claim for relief must be dismissed with prejudice.[5]

### III. CONCLUSION

For the foregoing reasons, the undersigned hereby finds that the defendants' motion to dismiss is due be granted; and that the defendants' motions to strike and to amend the complaint are moot.  As the plaintiff's federal claim is due to be dismissed, the undersigned  further declines to exercise supplemental jurisdiction over the remaining state claims.  *See* 28 U.S.C. § 1367(c)(3).  An appropriate order will be entered contemporaneously herewith.

**DONE**, this the 12th day of June, 2008.

*[signature: John E. Ott]*

**JOHN E. OTT**
United States Magistrate Judge

---

[4] The court also notes that the plaintiff "acknowledges that no authority within the 11th Circuit Court of Appeals appears to exist to provide a viable platform to distinguish the facts of the instant case in its current posture from *McKinney v. Pate* and/or *Horton v. Board of Commissioners*."  (Doc. 10 at ¶ 1) (citations omitted).

[5] The plaintiff makes an interesting argument - - that "dismissal with prejudice of his claims brought pursuant to 42 U.S.C. § 1983 would be inappropriate in the even that the parties later discover that no adequate state court remedy exists to address the procedural due process violations of the Plaintiff's property right."  (Doc. 10).  However, the court simply cannot find any basis in the law for not dismissing the plaintiff's § 1983 claims with prejudice.  *See Horton v. Board of County Commissioners,* 202 F.3d 1297, 1300 (11th Cir. 2000)("There is no danger that plaintiffs who have been deprived of property without the procedural protections of the Fourteenth Amendment guarantees will be left without a remedy by the proper application of the *McKinney* rule.  The existence of an adequate state law remedy for the claimed deprivation is a prerequisite to the application of the rule.  Only after a federal district court determines that an adequate state remedy does exist - which is another way of saying that state law does not leave the plaintiff with a procedural deprivation that cannot be remedied in state court - will the district court apply the *McKinney* rule to hold that there has been no federal due process violation.").